IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CURTIS ARTHUR FORBES, et.al. | § § | |
| Plaintiffs, | § § | 2:14-CV-317 |
| v. | § § | |
| WELLS FARGO BANK, N.A., et. al., | § § | |
| Defendants. | § § § | |

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS

Curtis Arthur Forbes and his wife Bertha Forbes (Forbes or Plaintiffs) filed suit against Wells Fargo Bank, N.A. (Wells Fargo) and four other defendants[1] in the 148th District Court of Nueces County, Texas to prevent foreclosure on their home and seeking damages for defendants' alleged fraud and/or breach of contract and violations of the Texas Debt Collection Act (TDCA). Wells Fargo timely removed the action. Plaintiffs filed a motion to remand, to which defendants have responded. Wells Fargo, in its representative capacity as Trustee for Park Place, filed a motion to dismiss pursuant to Rule 12(b)(6) and Plaintiffs have responded. Both motions are ripe for the Court's consideration.

### Procedural and Factual Background

There is a substantial litigation history between Plaintiffs and Wells Fargo. Wells Fargo has attempted to foreclose on the Forbes mortgage three times since 2005, but has not succeeded. Forbes filed the latest action in state court to obtain a TRO and temporary injunction to prevent the announced sale of their homestead. D.E. 1-2, pp. 4-12 (Original Complaint). That action was filed on July 1, 2014. *Id*. Plaintiffs obtained a TRO on July 2, 2014, to prevent the foreclosure sale noticed for

---

[1] The additional defendants are Park Place Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2004-WCW1 (Park Place), Clint Chase, Jim Rector and Denise Rector (collectively Defendants).

1

July 1, 2014. Wells Fargo filed its general denial on July 28, 2014, and removed the case to federal court on July 30, 2014. D.E. 1.

After removal, Wells Fargo, as Trustee filed a Rule 12(b)(6) motion to dismiss all of Plaintiffs claims against all of the Defendants in every capacity. D.E. 4. Plaintiffs responded. D.E. 14.

Plaintiffs filed their motion to remand on August 29, 2014. D.E. 11. Defendants filed their response on September 19, 2014. D.E. 16.

After the case was removed, Wells Fargo, as Trustee for Park Place, filed an Original Answer and Counterclaim. D.E. 12.[2] Thereafter Plaintiffs filed an Answer to the Counterclaim and a First Amended Original Complaint. D.E. 12, 13.

## I. MOTION TO REMAND

Wells Fargo removed this matter from state court pursuant to 28 U.S.C. § 1441(b), diversity of citizenship. Wells Fargo claims that the resident defendants were improperly joined to defeat diversity.

### A. Standard for Removal on Claims of Improper Joinder

A party may remove any civil action from state court to federal district court if the action is one over which the federal court possesses original jurisdiction. 28 U.S.C. § 1441(a). The federal court has original jurisdiction, pursuant to diversity jurisdiction, when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C.A. § 1332(a) (2006). "[D]oubts regarding whether removal jurisdiction is proper should be resolved" in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000). "To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. Relatedly, a district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been *improperly* or *collusively* joined to manufacture federal diversity jurisdiction."

---

2  Wells Fargo produced evidence that it is the Trustee for Park Place. *See* D.E. 18-1, 18-2, and 18-3 (Assignments).

2

*Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 572 (5th Cir. 2004 (en banc) (emphasis in original).

The motion here is predicated on the improper joinder of Texas defendants against whom Plaintiffs cannot recover. "[T]he test for fraudulent joinder [now, improper joinder] is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Id.*, at 573. "A court may resolve the issue [of fraudulent joinder] in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. A "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in- state defendant." *Id.*, at 574.

**A. The Texas Defendants**

In the present case, Defendants Chase and the Rectors are indisputably Texas residents. Wells Fargo argues that they were improperly joined and their citizenship should be disregarded. Plaintiffs' Original Petition claimed that all of the Defendants committed fraud or breach of contract. Additionally, Plaintiffs pled a cause of action for violation of the Texas Debt Collection Act, and again claimed that Defendants globally violated portions of that act. To determine whether the Texas defendants are improperly joined, the Court must consider whether Plaintiffs Original Petition states a legitimate cause of action against the defendants.

1. *Clint Chase*

Plaintiffs' motion to remand states that defendants Wells Fargo and Park Place sought foreclosure, the notice of acceleration was sent by Chase in his capacity as Wells Fargo's counsel, and the foreclosure was to be conducted by the Rectors. D.E. 11, p. 1, 3. Plaintiffs claim that Chase violated the TDCA by misrepresenting the character, extent or amount of consumer debt and by

misrepresenting Plaintiffs' debt status in a judicial proceeding. *Id.*, ¶¶ 12, 13. Plaintiffs also claim that Chase should have but failed to provide copies of the Application for Foreclosure or notice of foreclosure to their counsel and that Forbes never received the notice sent to them.[3] *Id.*, ¶ 7. In response, Wells Fargo asserts qualified immunity for Chase on the grounds that he was acting as counsel during the previous foreclosure litigation.

Under Texas law, "[a]n attorney enjoys 'qualified immunity,' with respect to non-clients, for actions taken in connection with representing a client in litigation. This qualified immunity generally applies even if conduct is improper in the context of the underlying lawsuit." *Campbell v. Mortgage Elec. Registration Sys., Inc.*, 2012 WL 1839357 at *5 (Tex. App.—Austin 2012, pet. denied) (designated unpublished) (internal citations omitted); *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 408 (Tex. App.—Houston [1st Dist.] 2005, pet denied); *Igbal v. Bank of Am., N.A.*, 559 Fed. App'x. 363, 365-66 (5th Cir. Mar. 18, 2014) (per curiam) (designated unpublished) (Texas law recognizes qualified immunity for attorney acting on behalf of clients). As a result, Chase is improperly joined in this action because the Forbes Plaintiffs cannot succeed on a cause of action against him.

  2. *Denise and Jim Rector*

According to Plaintiffs' motion to remand, Denise and Jim Rector were identified as Substitute Trustees in the Notice of Trustee's Sale. Plaintiffs allege that they were joined as parties to stop the sale of the Forbes' homestead. There is no evidence in the record that the Rectors were actually served.

---

3 Pursuant to § 51.002 of the Texas Property Code, notice of the sale must be given at least 21 days prior to the sale by:
> (1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;
> (2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and
> (3) *serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.*

Tex. Prop. Code Ann. § 51.002(b) (emphasis added).

The Texas Property Code § 51.007(f) provides that a trustee in a foreclosure "shall not be liable or any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent or representative." Plaintiffs do not allege any specific conduct by the Rectors in their Original Petition. In Plaintiffs' motion to remand, they allege only that the Rectors issued the notice of foreclosure. In light of Plaintiffs' failure to make more than general allegations against all Defendants, and Plaintiffs failure to support those allegations with specific facts, Plaintiffs have not established a reasonable basis for this Court to predict that relief may be granted against the Rectors. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 328-29 (5th Cir. 2002) (affirming dismissal of improperly joined defendants); *Williams v. Wells Fargo* Bank, 2014 WL 1024003 at *5 (S.D. Tex. Mar. 13, 201) (no plausible claim against trustee in foreclosure absent pleading of bad faith); *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp.2d 602, 612 (N.D. Tex. 2009) (no plausible claim against trustee in foreclosure). As a result, the citizenship of the Rectors will be disregarded in determining whether this case was properly removable.

3. *The remaining parties are diverse*

Plaintiffs are Texas residents. Neither Wells Fargo nor Park Place is a Texas resident. Because the remaining defendants, Chase and the Rectors, were improperly joined, the Court denies Plaintiffs motion to remand.

## II. MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

Wells Fargo seeks dismissal of all Plaintiffs claims against all Defendants on the grounds that Plaintiffs have not met the pleading requirements of Rule 8(a), they have failed to meet the requirements to state a claim of fraud with its heightened pleading requirements, and Plaintiffs claims for fraud and pursuant to the Texas Debt Collection Act are barred by the economic loss rule. D.E. 4, pp. 1-2. Wells Fargo also alleges that it should be named as Trustee for Park Place and that it is not sued in its proper capacity. D.E. 4, 18. Wells Fargo produced evidence attached to its Answer in this case that it should be named in this suit only as

5

Trustee for Park Place, not in its individual capacity. Wells Fargo further asserts that Park Place as a Trust may not be sued other than through its Trustee.

### A. Standard for Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief— including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 554-55 (2007)).

### B. Wells Fargo and Park Place

Wells Fargo's evidence that it is not the owner of the note or security interest in the Charter Lane property is uncontroverted by Plaintiffs. Wells Fargo as Trustee for Park Place is a proper party. A trust may not be sued other than through its trustee is well established in Texas law. *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006). A trust is not a legal entity and civil suits may only be maintained against parties having a legal or actual existence. *Id*. at 571; *In re Bradley*, 501 F.3d 421, 433 (5th Cir.2007) (citing *Malooly* for the proposition "that suits against a trust must be brought against its legal representative, the trustee, and not against the trust itself as a separate legal entity"). Accordingly, Park Place is not a proper defendant in this suit and Wells Fargo, N.A. is a proper defendant in its capacity as Trustee only. Plaintiffs conceded this issue by their Answer to Wells Fargo's Counterclaim in which they name Wells Fargo in its representative capacity. *See* D.E. 17. Plaintiffs may amend their Complaint to properly identify Wells Fargo in its representative capacity within 20 days of the Order without further leave of Court.

### C. Claim for Breach of Contract

Forbes' first claim against Defendants is for breach of contract. The Home Equity Loan at issue was not attached to Plaintiffs' Original Petition, but was referenced in it. Wells Fargo's motion to dismiss included as an exhibit the Home

6

Equity Loan document referenced by the Forbes in their Original Petition for the property located at 3106 Charter Lane, Corpus Christi, Texas, entered into on or about May 14, 2004. A document that a defendant attaches to a motion to dismiss is considered part of the pleadings if the document is referred to in Plaintiff's pleadings and is central to a plaintiff's complaint. *Carter v. Target Corp.*, 541 Fed. App'x. 413, 416 (5th Cir. Oct. 4, 2013) (per curiam) (designated unpublished); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Henderson v. Wells Fargo Bank, N.A.*, 974 F. Supp.2d 993, 1002 (N.D. Tex. 2013). The Court finds that the Note is central to Plaintiffs' Original Petition.

Plaintiffs assert a claim for breach of contract based upon Wells Fargo's refusal to accept their mortgage payments after Wells Fargo acquired the Note, Wells Fargo claimed Plaintiffs were delinquent at the time Wells Fargo acquired the note when they were not, Wells Fargo improperly handled the escrow account, and Wells Fargo's three suits against them seeking foreclosure. Plaintiffs deny that they were delinquent in their payments at the time that Wells Fargo acquired the note, but concede that at some point they were not current, "Plaintiffs have unsuccessfully tried in good faith to work with Defendant Bank to bring the Note current through negotiations and three lawsuits." D.E. 1-2, p. 9.

To prevail on a breach of contract claim, a plaintiff must prove the following elements: (1) the existence of a valid and enforceable contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the defendant's breach caused plaintiff injury. *Cade v. BAC Home Loans Servicing*, No. H-10-CV-4224, 2011 WL 2470733 at *5 (S.D. Tex. June 20, 2011); *Hussong v. Schwan's Sales Enterprises, Inc.*, 896 S.W.2d 320, 326 (Tex. App.--Houston [1 Dist.], 1995, no pet.). The parties agree that there is a valid contract. Plaintiffs allege that they tendered performance and Defendant breached the contract. Plaintiffs further claim that Wells Fargo's continued breach of the contract prevented them from refinancing the note, subjected them to continual litigation over the contract, and they were required to hire counsel. These items were not pled as damages.

Wells Fargo argues that Plaintiffs pleadings are so vague that they cannot respond. In claims for breach of contract, courts have granted motions for more definite statement where the plaintiff fails to identify specific provisions of the contract that was breached. *See Chapa v. Chase Home Fin. LLC*, No. C10–359, 2010 WL 5186785, at *4 (S.D. Tex. Dec.15, 2010) (finding that although dismissal under Rule 12(b)(6) would be appropriate, motion for more definite statement is more appropriate remedy where the plaintiff failed to identify a specific contract and specific provisions within that contract that the defendant breached).

Plaintiffs filed a First Amended Complaint after Wells Fargo filed its motion to dismiss. D.E. 13. That complaint sets out allegations of breach of contract in a more orderly manner than Plaintiffs' Original Petition and alleges that Wells Fargo first breached the contract—the Home Equity Adjustable Rate Note. In their Amended Complaint, Plaintiffs claim to be damaged by Defendants Wells Fargo's and Park Place's conduct by their failure to be able to refinance, damage to their credit reputation and attorney's fees to defend against the multiple foreclosure attempts. D.E. 13, pp. 10-11. To the extent that Wells Fargo needs a more particular statement than already filed, it may move for relief pursuant to Rule 12(e).

Plaintiffs' First Amended Complaint dismissed the Rectors from the suit. Plaintiffs make no allegations against Defendant Chase for breach of contract in either pleading. Accordingly, the motion to dismiss as to Defendant Wells Fargo in its representative capacity for breach of contract is denied. The motion to dismiss as to Defendant Chase is granted as to Plaintiffs' breach of contract claim.

### D.     Claim for Violations of the Texas Debt Collection Act

Wells Fargo argues that Plaintiffs' claim under the Texas Debt Collection Act (TDCA) is barred by the economic loss rule.[4] Plaintiffs claim that Wells Fargo

---

4  Wells Fargo cites the following cases in support of its claim that Plaintiffs' TDCA claim should be dismissed, *Caldwell v. Flagstar Bank, FSB*, No. 3:12-CV-1855-K-BD, 2013 WL 705110 *11-12 (N.D. Tex. Feb. 4, 2013); *McCartney v. CitiFinancial Auto Credit, Inc.*, No. 4:10–CV–424, 2010 WL 5834802, at *5 (E.D. Tex. Dec. 14,2010) *rec. adopted* 2011 WL 675386 (E.D. Tex. Feb. 16, 2011); *Hicks v. Chase Home Fin. LLC*, No. 3:09–cv–1652–G, 2010 WL 4274745, at *7 (N.D. Tex. Oct. 21,

8

violated sections 392.304(a)(8) by misrepresenting the character, extent or amount of a consumer debt, by misrepresenting Plaintiffs' debt status in a judicial proceedings, by threatening to take an action prohibited by law, and by using false representations and deceptive means to collect an alleged debt pursuant to § 392.304(a)(19). Tex. Fin. Code Ann. § 392.304. Plaintiffs claim actual damages, attorney's fees and costs. D.E. 1-2, pp. 9-10.

The TDCA applies to mortgage assignees and services. *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722 (5th Cir. 2013); *Perry v. Stewart Title Co.*, 756 F.2d 1`197, 1208 (5th Cir. 1985). The Act specifically applies to consumer debt which is defined as "an obligation, or an alleged obligation, primarily for personal, family or household purposes and arising from a transaction or an alleged transaction." Tex. Fin. Code Ann. § 392.001(2). Section 392.304 includes a list of prohibited practices. The portions of the statute that Wells Fargo allegedly violated are reproduced below.

> (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:
>> (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding; or
>> (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

*Id.*

---

2010); *Singh v. JPMorgan Chase Bank*, N.A., No. 4:11–CV–607, 2012 WL 3904827, at *7 (E.D. Tex. July 31, 2012), *rec. adopted*, 2012 WL 3891060 (E.D. Tex. Sep. 7, 2012).
   The opinion in *Hicks* was vacated by the court by 2010 WL 8522979 (N.D. Tex. Nov. 22, 2010). Several of these cases address claims that loan modification misrepresentations are not violations of the TDCA. Plaintiffs in this case do not make such claims.

The TDCA provides remedies that include injunctive relief, actual damages, attorney's fees and statutory damages. Tex. Fin. Code Ann. § 392.403. The TDCA "does not affect or alter a remedy at law or in equity otherwise available to a debtor, creditor, governmental entity, or other legal entity." Tex. Fin. Code Ann. § 392.404(b).

"The economic loss rule attempts to delineate the long-confounding boundary between tort and contract law. It bars a tort recovery—and limits a plaintiff to remedies grounded in contract—in certain cases when the plaintiff's injury is purely economic in nature and not accompanied by any physical injury or property damage." *Davis v. Wells Fargo Bank, N.A.*, 976 F. Supp.2d 870, 883 (S.D. Tex. 2013). "[T]he core inquiry in determining the applicability of the economic loss rule is whether the claimed damages arose from "breach of a duty created under contract, as opposed to a duty imposed by law." *Id.* (relying on *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W..3d 407, 417 (Tex. 2011)). The TDCA imposes statutory duties on a debt collector, including a mortgage holder or servicer, not to engage in particular kinds of misrepresentations. This duty is not solely imposed by the contract between the parties. The Court rejects Defendant's claim that the economic loss rule precludes statutory claims under the TDCA.

Plaintiffs claim that from the beginning of their relationship with Wells Fargo, Wells Fargo misrepresented the amounts owed on the Note and this conduct continued when Plaintiffs obtained conflicting payoff information, and when their escrow account was charged for insurance that they had paid for personally. These allegations state violations of § 392.304(a)(8). *Tielke v. Bank of Am., N.A.*, 581 Fed. App'x. 408, (5th Cir. Sept. 4, 2014) (per curiam) (designated unpublished) (reversing grant of summary judgment on TDCA claim that lender misrepresented debt and escrow amount); *see Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 933 (N.D. Tex. 2014) (recognizing that a collection notice or balance statement that misrepresents the amount owed constitutes a violation of the TDCA).

Plaintiffs' claim of a violation of subsection (a)(19) is not described in any detail in Plaintiffs' Original Petition, but Plaintiffs' First Amended Complaint alleges that subsection (a)(19) was violated by Wells Fargo's 1) failure to advise the trial court in foreclosure action No. 3 that Plaintiffs were represented by counsel when Wells Fargo's counsel knew that they were, 2) used false representations about the amount of the alleged debt, and 3) failed to advise the trial court that the debt had been accelerated ten years before and therefore, foreclosure was barred by limitations. D.E. 13, ¶ 23(d) (Plaintiffs' Amended Complaint). Under Texas law, a collection notice or statement misstating the amount owed on a debt can constitute a misleading assertion regarding that debt under the TDCPA. *Lee v. Credit Management,* LP, 846 F.Supp.2d 716, 727 (S.D. Tex. 2012) (citing *Baker v. Countrywide Home Loans, Inc.*, No. 3:08–CV–0916, 2009 WL 1810336, at *7 (N.D. Tex. June 24, 2009); *Steele v. Green Tree Servicing*, LLC, No. 3:09–CV–0603, 2010 WL 3565415, at *5 (N.D. Tex. Sept. 7, 2010)); *accord Davis v. Wells Fargo Bank, N.A.,* 976 F. Supp.2d 870, 886 (S.D. Tex. 2013) (although claims of misrepresentations are not alleged with great specificity, but notice pleading standard applied to TDCA rendered pleading sufficient). The Court denies Wells Fargo's motion to dismiss Plaintiffs' TDCA claims..

### E.    Plaintiffs' Fraud Claims

Wells Fargo seeks dismissal of Plaintiffs' fraud claim on two bases, the fraud claim is not pled with particularity and the claim is barred by the economic loss rule.
Plaintiffs' Amended Complaint removes fraud as an allegation against Defendants. No fraud claim is currently before the Court. Wells Fargo's motion to dismiss Plaintiffs' fraud claim is denied as moot.

## CONCLUSION

Plaintiffs' motion to remand (D.E. 11) is **DENIED**. Defendants motion to dismiss pursuant to Rule 12(b)(6) (D.E. 4) is **DENIED** as to Plaintiffs' claims of breach of contract and violations of the TDCA as to Wells Fargo in its

representative capacity.  The motion to dismiss (D.E. 4) is **GRANTED** as to all claims against the Rector Defendants, Defendant Chase, and is also **GRANTED** as to Park Place on the ground that it may not be sued directly but only through its Trustee, Wells Fargo.  Plaintiffs may amend their pleadings to name Wells Fargo in its proper representative capacity within 20 days from the date of this Order without further leave of Court.

    It is so **ORDERED**.

    SIGNED this 29th day of January, 2015.

*[signature]*
Hilda Tagle
Senior United States District Judge